**RECORD NO. 14-4277**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTOINE HILL,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

**OPENING BRIEF OF APPELLANT
ANTOINE HILL**

Charles A. Gavin
CAWTHORN, DESKEVICH & GAVIN, P.C.
1409 Eastridge Road
Richmond, Virginia 23229
(804) 288-7999
(804) 288-9015 Facsimile
c.gavin@cawthorn.net

*Counsel for Appellant*

## TABLE OF CONTENTS

Page No.

Table of Authorities Cited ................................................................................ ii

Statement of Subject Matter Jurisdiction and Basis for
Appellate Jurisdiction ......................................................................................1

Issues Presented for Review ...........................................................................2

    I. WHETHER THE SENTENCING COURT ERRED IN THE RESENTENCING OF THE DEFENDANT.

Statement of the Case......................................................................................2

Statement of Facts...........................................................................................4

Summary of Arguments ..................................................................................8

Argument.........................................................................................................9

Conclusion .....................................................................................................12

Certificate of Compliance .............................................................................12

Certificate of Filing and Service ...................................................................13

## TABLE OF AUTHORITIES

Cases                                                                                                  Page No.

United States v. Hyman, 1998 U.S. App. Lexis 8080,
(4th Cir. 1998) (Unpublished)……………………………………………..10

United States v. Moreland, 437 F.3d 424 (4th Cir. 2006) ....................................9, 10

Statutes

18 U.S.C. 3553(a) ................................................................................................8,9

U.S.S.G. § 2K2.1(b)(6) ..........................................................................................7

## STATEMENT OF SUBJECT MATTER JURISDICTION
## AND BASIS FOR APPELLATE JURISDICTION

This is a criminal matter with an automatic right of appeal pursuant to 28 U.S.C. 1291. Appellant timely filed his notice of appeal within the time period prescribed by the Federal Rules of Appellate Procedure. This Appeal is from a final Order that disposed of all claims with respect to the parties.

## ISSUES PRESENTED FOR REVIEW

I. WHETHER THE SENTENCING COURT ERRED IN THE RESENTENCING OF THE DEFENDANT.

## STATEMENT OF THE CASE

Antoine Hill ("Hill") was convicted on July 2, 2008 of possession with the intent to distribute heroin, possession of a firearm in the furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon. The defendant was sentenced on October 7, 2008, and appealed his convictions. The Court of Appeals, in an unpublished opinion, rejected Hill's appeal. Thereafter, Hill filed a Motion pursuant to 28 USC 2255 to vacate, set aside, or correct his sentence. By Memorandum Opinion entered by Judge Payne in the District Court, Judge Payne denied all of Hill's claims for relief under the 2255 Motion, with the exception of Hill's claim that his attorney was ineffective at his sentencing. This one particular issue was briefed by the defendant and by the United States, at which time the United States agreed that the defendant had not received effective assistance of counsel during the sentencing phase. Thereafter, the court ordered a re-sentencing of Hill. The defendant was re-sentenced on March 27, 2014.

As a result of reasons set forth in the record, the defendant's original sentence of 300 months was reduced to a sentence of 152 months. The 152 month total

sentence consisted of 92 months on Count I and Count III, which ran concurrent. Sixty additional months were added under Count II as required. (J.A. 100).

Hill's sentence was dramatically reduced from his original sentence of 300 months. The prior 300 month sentence was based, in part, on Hill's career offender status. During the re-sentencing process, it was determined that one of the predicate convictions was not reliable. Specifically, the lead police officer on one of Hill's predicate convictions, at some point after Hill's conviction, was found to have falsified information in furtherance of obtaining unrelated search warrants in the City of Richmond.

The officer at the time of the re-sentencing was deceased. This same police officer utilized the same type of allegation when he obtained the search warrant for Hill's residence in Hill's prior felony case. While the search warrant in Hill's prior case could have been legitimate, it could also have been fabricated. Accordingly, Hill argued, and the United States agreed, that while the prior conviction was never set aside, the conviction was so unreliable that it could not serve as a basis to sentence Hill as a career offender. The court concurred. Accordingly, the court sentenced the defendant as if that one predicate conviction never existed. The Presentence Report was amended accordingly. (J.A. 108). The effect was to significantly reduce the defendant's guideline range, and to also reduce his criminal

history category. Hill does not challenge any finding related to that issue in this appeal.

As a collateral issue, the District Court, during the re-sentencing, dismissed the balance of Hill's 2255 Motion and denied his Request for Certificate of Appealability. While defense counsel, in this appeal, is representing Hill for issues raised directly by re-sentencing, Hill is advancing any Petition for a Certificate of Appealability *pro se*, and independently of this paper.

## STATEMENT OF FACTS

A. Sentencing

Prior to the re-sentencing, Hill, without defense counsel's knowledge, filed eight objections to the Presentence Report directly with the court. (J.A. 44). These were adopted by the court as Hill's objections, and then addressed in the papers by the defense and by the government. (J.A. 32; J.A. 40; J.A. 51; J.A. 57).

Objections 3, 4, 5 6, 7 and 8 were resolved and do not serve as a basis for this appeal. Objection number 3 was withdrawn as moot. (J.A. 77). Objection 4 was sustained, by agreement with the government. (J.A. 77). The objection 4 argument was based on the unreliability of a former felony conviction for purposes of sentencing. Objection 5 was withdrawn. (J.A. 79). Objection 6 was overruled, but is not raised as an issue on appeal. (J.A. 79). Objection 7 was Hill's objection to

4

his determination as a career offender. This objection was directly related to objection 4. (J.A. 81). Accordingly, it was also sustained, but does not serve as a basis for appeal. Objection 8 was overruled, but is not a basis for appeal. (J.A. 18-19).

Having said that, the remaining objections were Hill's objections 1 and 2. Those two objections are set forth as follows:

### 1.   Objection 1- Conversion of Money into Drug Weight

The Probation Officer converted $6,867.00, which was seized incident to the search of Hill's apartment, into an equivalent of 77.103 grams of heroin. (J. A. 111, paragraphs 8, 9, 10). This conversion weight, when added to the actual weight of heroin discovered in the apartment, 56.157 grams, created a total heroin quantity attributable to Hill for guideline purposes of 133.26 grams. (J.A. 111, paragraph 10).

The combined weight of 133.26 grams placed Hill within the 100-400 gram category under the Sentencing Guidelines, creating an initial offense level of 26. (J.A. 129). If the conversion of cash had been excluded from the calculation, leaving only the actual weight found or discovered in the residence, or 56.175 grams, the range under the guidelines would have been in the 40-60 gram range, creating a base offense level of 20.

The parties argued Hill's objection, in summary fashion, relying on proffer and prior testimony from the original trial transcript. Neither party objected this approach. Defense counsel argued that the proceeds found in the residence were remaining proceeds from a personal injury case from which Hill received a significant settlement. This personal injury settlement was supported by the PSR. (J.A. 123, paragraph 50). That Presentence Report paragraph reflected that in 2005, Hill was involved in an automobile accident after being hit by a tractor trailer. (J.A. 123, paragraph 50). The defendant advised that he received a settlement of approximately $170,000.00. (J.A. 123, paragraph 50). Hill further argued that the cash was found in the bedroom versus the kitchen wherein the drugs were located. (J.A. 70).

The United States argued that the $6,867 was a bundle of cash. (J.A. 71). The bundle of cash included five $100 bills, 24 $50 bills, 221 $20 bills, 47 $10 bills, 40 $5 bills, 28 $2 bills, and 21 $1 bills. (J.A. 72) The United States further pointed out that the firearm discovered in the search was also included in the bedroom dresser where the cash was located. (J.A. 73). The United States further argued that, if Hill <u>did</u> believe that the money was indeed personal injury proceeds, he never argued against forfeiture. (J.A. 74).

Those arguments were the only arguments advanced. The court determined that the evidentiary burden on that particular issue had been carried by the United States. (J.A. 75). The court noted that the denominations of money suggested packaging consistent with the sale of drugs. (J.A. 75). The court further noted that the defendant did not challenge the forfeiture which was indicative of his ambivalence towards legitimate ownership. (J.A. 75). Accordingly, the trial court overruled Hill's objection.

**2.   Objection 2 – Four level enhancement for use of firearm in connection with another felony offense.**

The defendant has also requested defense counsel to appeal the four level enhancement that was applied under 2K2.1(b)(6). This enhancement was based on Count III, which charged possession of a firearm by a convicted felon. (J. A. 131). The probation officer applied a four level enhancement based on Hill's use of a firearm in connection with this offense. The probation officer made the enhancement based on the interview of the defendant at the time of his arrest. (J.A. 111, paragraph 7). The defendant admitted that he had a firearm on the nightstand in his bedroom. (J.A. 111, paragraph 8). Law enforcement thereafter recovered a KelTec 9 mm semiautomatic pistol and ammunition. (J.A. 111, paragraph 8). After being mirandized, the defendant admitted that he possessed the firearm for

protection. (J.A. 111, paragraph 9). Defense counsel could never identify any evidence to support the defendant's position that the enhancement was inapplicable. After additional explanation of the facts to the defendant, defense counsel was of the impression that Hill was in agreement to withdraw that particular objection at re-sentencing. Accordingly, it was withdrawn at the re-sentencing. (J.A. 76). Defense counsel remains unable to find a plausible basis to challenge the enhancement, but reference is made to it herein insofar as Hill has demanded that it be raised.

After ruling on the objections, the parties agreed that the defendant's base offense level would be 26 under Count I, producing a guideline range of 92 to 115 months. (J.A. 85). Additionally, 60 consecutive months were required under Count II. Defendant argued statutory factors and personal offense characteristics. (J.A. 87). The court sentenced the defendant to 92 months, with 60 consecutive months on Count II, creating a total sentence of 152 months. (J.A. 93).

## SUMMARY OF ARGUMENTS

I. THE SENTENCING COURT ERRED IN THE RESENTENCING OF THE DEFENDANT.

The court's sentence based on 18 U.S.C. 3553(a) was unreasonable.

# ARGUMENT

## I. THE COURT ERRED IN THE RESENTENCING OF THE DEFENDANT.

### A. STANDARD OF REVIEW

Legal questions at sentencing are reviewed *de novo*. Factual findings are reviewed for clear error.

The final sentence is reviewed for reasonableness.

### B. DISCUSSION OF ISSUES

The court, in determining a particular sentence to be imposed, must consider the nature and circumstances of the offense, and the history and characteristics of the defendant. 18 U.S.C. Section 3553(a)(1). The court must engage in a multi-step process. United States v. Moreland, 437 F.3d 424 (4th Cir. 2006). First, the sentencing court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Id. Next, the district court must determine whether a sentence within the guidelines range comports with the factors set forth in 18 U.S.C. Section 3553(a), and if not, select a sentence that does. Id. In doing so, the district court shall first look to whether the departure is appropriate based on the guideline or case law. Id. If an appropriate basis to depart exists, the court may depart. Id. If the resulting range does not adequately address one or more of the factors set forth in Section 3553(a), the court may then elect to impose a

9

non-guideline sentence. Id. Upon so doing, the court must explain the variance with the supporting facts as necessary. Id.

Although the standard of review by the district court is based on one of "reasonableness", the analysis has to be more than a rubber stamp. See United States v. Moreland, 437 F.3d 424 (4th Cir. 2006). The reasonableness of the sentence ultimately will turn on the particular factors of each case. Id. A sentence that falls within the calculated advisory guideline range is entitled to a rebuttable presumption of reasonableness. Id. The reasonableness analysis also requires a review of both the procedural and substantive components of the sentencing. Id.

The Fourth Circuit in United States v. Hyman, in reviewing this particular issue, has ruled that the United States Sentencing Guideline Manual, Section 2D1.1 permits a sentencing Judge to approximate the quantity of drugs involved. See United States v. Hyman, 1998 U.S. App. Lexis 8080 (4th Cir. 1998) (Unpublished). The adoption of a Presentence Report has been held to satisfy the need for factual findings. Id. The defendant must make an affirmative showing that the information is inaccurate. Otherwise, the court is free to adopt the findings of the Presentence Report without more specific inquiry. Id.

In this case, the court adopted the Presentence Report. (J.A. 91). The sentence is within the guideline range as determined. If properly calculated, the

10

sentence is presumptively reasonable. Defense counsel advanced an argument for the defendant which noted that the cash bundle, which was the basis for the conversion, was located in a bedroom. The bedroom was a different area than the location where the drugs were discovered, which was the kitchen. Hill also proffered, without objection, his position that the proceeds were remaining proceeds of a personal injury case which was supported by the Presentence Report. (J.A.123, paragraph 50). Hill now argues that this argument carried his burden to create an affirmative showing that the probation officer's determination was inaccurate, and the court should have sustained Hill's objection. Insofar as the court failed to sustain the objection, the sentence was procedurally unreasonable. If the court had sustained his objection, the worksheet for Count I would have been reduced to an amended offense level of 20, versus 26. This would have created a scenario whereby Hill would have been sentenced under the Count III Worksheet A versus Count I. If sentenced under the Count III Worksheet, the defendant's guideline range would have been 77-96 months, prior to the required consecutive 60 months.

Accordingly, your defendant requests that his appeal be granted, and that he be re-sentenced with the ruling that the conversion of the cash proceeds to drug weight was a clear error on behalf of the sentencing court.

## CONCLUSION

The defendant's sentence was unreasonable, and, as such, the defendant should be remanded to the sentencing court to be re-sentenced on this narrow issue.

ANTOINE HILL

By: /s/ Charles A. Gavin
     Of Counsel

Charles A. Gavin, Esquire, VSB#31391
Cawthorn, Deskevich & Gavin, P.C.
1409 Eastridge Road
Richmond, VA   23229
Telephone:   (804) 288-7999
Telecopier:   (804) 288-9015
Counsel for Antoine Hill

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared using Word, Times New Roman, 14 point.

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing status, rules, or regulations; and the certificate of service, this Brief of Appellant contains 12 pages.

*/s/Charles A. Gavin*
Charles A. Gavin

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the 25th day of June, 2014, I filed the required copies of the foregoing Opening Brief of Appellant and Joint Appendix with the Clerk of Court via hand delivery and electronically using the CM/ECF system, which will send a notice of electronic filing to:

>Michael A. Jagels
>Special Assistant U.S. Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>Main Street Center, 18th Floor
>600 East Main Street
>Richmond, Virginia 23219
>michael.a.jagels@usdoj.gov
>*Counsel for Appellee*

>>/s/ Charles A. Gavin
>>*Attorney for Appellant*